24 March 2000

 No. 3--98--0102

_________________________________________________________________

 IN THE

 APPELLATE COURT OF ILLINOIS

 THIRD DISTRICT

 A.D., 2000 

THE PEOPLE OF THE STATE ) Appeal from the Circuit Court

OF ILLINOIS, ) of the 14th Judicial Circuit,

 ) Henry County, Illinois

Plaintiff-Appellee, ) 

 )

v. ) No. 97--CF--6

 ) 

RODGER L. ROBERTSON, ) Honorable

                                )  Jeffrey W. O’Connor 

Defendant-Appellant. ) Judge, Presiding

_________________________________________________________________

JUSTICE KOEHLER delivered the opinion of the court:

_________________________________________________________________

The defendant, Rodger Robertson, was convicted of unlawful delivery of a controlled substance.  720 ILCS 570/401(c)(2) (West 1996).  On appeal, we must determine whether the trial court erred in allowing an undercover officer to testify that pagers are commonly used in drug sales.  We affirm.  

At trial, Officer Tom Wiley testified that on December 10, 1996, he was contacted by Brenda Brown, a confidential informant.  Brown had recently been arrested, and she offered to buy some crack cocaine from the defendant in exchange for consideration in her case.  She and Wiley agreed to try to set up a controlled purchase with the defendant.  Later that evening, Brown began calling the defendant’s pager number from Wiley’s cell phone while in Wiley's presence.  Her page was finally returned around 1 a.m. the next morning.  Wiley heard a male voice agree to sell her an eighth-ounce of cocaine for $200.  After Brown hung up, she told Wiley that the defendant said his girl friend, Vicki Marks, would deliver the drugs.  

Wiley testified that they drove to a gas station to make the purchase.  When they arrived, Marks gave some cocaine to Brown in exchange for around $160.  During the transaction, Brown received a call on Wiley's cell phone.  Brown said that the defendant was calling to see if Marks had arrived.  Following the transaction, Wiley signaled the other officers to converge on the scene and Marks was arrested.  

Officer Wiley further testified that he had worked as an undercover officer for 6½ years.  He was familiar with how drug deals are arranged.  The most common way to contact a dealer was by a telephone pager.  This method had been used in one-half to three-fourths of the cases he had worked on.

Brenda Brown testified that when she spoke to the defendant, he was unable to get her any cocaine.  She tried calling him again and Marks answered the phone.  Marks agreed to deliver the cocaine to Brown behind the gas station.  When they met, the defendant called Brown on her cell phone and asked if she had found any cocaine.  Brown said that Marks was there and she was going to provide it.        

Following Brown’s testimony, Officer Wiley resumed the witness stand.  He said that he had talked to Brown after she had testified.  Brown told him that she was unhappy with the deal she had received on her charges and with the fact that she was going to jail.  Therefore, she had lied and said that Marks, not the defendant, had agreed on the phone to sell her cocaine.  

Vicki Marks testified that she met with the defendant around 12:30 a.m. on the morning of December
 11, 1996.  He asked her to deliver an eighth-ounce of cocaine to Brown.  She never spoke to Brown on the telephone before the delivery.  Following her conversation with the defendant, Marks drove to the meeting place to make the delivery.  During the delivery, Brown received a call.  She heard Brown say, "Vicki is here right now."  

Doug James, an employee of Arch Paging, testified that the defendant received 3,632 pages in November 1996, 3,261 in December, 2,002 in January 1997, and 2,033 in February.  On average, a user of their paging equipment received about 70 pages a month.    

Ellen Varnell, the defendant's daughter, testified that the defendant did not have his pager with him on the evening of December 10, 1996, or early the next morning. 

On appeal, the defendant argues that the trial court erred in allowing Officer Wiley to testify that pagers are commonly used in drug deals.  The defendant contends that the testimony was inadmissible "profile" evidence of a drug dealer.   

The admission of evidence is a matter within the discretion of the trial court.  
People v. Illgen
, 145 Ill. 2d 353, 364, 583 N.E.2d 515, 519 (1991).  An abuse of discretion occurs when the judge's ruling is arbitrary, fanciful, or unreasonable, or when no reasonable person would take the same view.  
Illgen
, 145 Ill. 2d at 364, 583 N.E.2d at 519.

The State notes that the defendant did not object to this testimony at trial or in his post-trial motion.  Therefore, the issue is waived, and we will only find error if the alleged error rose to the level of plain error.  
People v. Enoch
, 122 Ill. 2d 176, 186, 522 N.E.2d 1124, 1130 (1988); 134 Ill. 2d R. 615(a).  Plain error is error in a case where the evidence is closely balanced, or error which is so serious that it denies the defendant a fair trial.  
People v. Hayes
, 139 Ill. 2d 89, 143, 564 N.E.2d 803, 826 (1990).      

The evidence in this case was not closely balanced.  Both  Officer Wiley and Vicki Marks presented testimony indicating that the defendant had arranged the drug transaction.  Their testimony was credible and consistent.  Brenda Brown disputed this testimony.  However, her testimony was impeached by Officer Wiley's testimony that she had turned on the State because she was unhappy with her sentence.  Therefore, we resolve this prong of the plain error test in favor of the State.  

The second prong of the test is reserved for rare cases where a reviewing court must correct an error "to preserve the integrity and reputation of the judicial process."  
People v. Herrett
, 137 Ill. 2d 195, 214, 561 N.E.2d 1, 10 (1990).  No such error occurred here.  First, contrary to the defendant's assertion, Officer Wiley did not testify that "an individual who owned a pager with as much activity as the defendant's was a drug dealer."  He simply stated that in his experience, pagers were commonly used in drug deals.  As a veteran undercover narcotics officer, he could provide expert testimony on the use of pagers in drug sales.  
People v. Chanath
, 184 Ill. App. 3d 521, 526-7, 540 N.E.2d 468, 472 (1989).  

Officer Wiley's testimony is distinguishable from the evidence in the defendant's cited case of 
People v. Brown
, 232 Ill. App. 3d 885, 598 N.E.2d 948 (1992).  In 
Brown
, the officer testified to numerous characteristics that he said were consistent with those of a drug dealer.  Some of the characteristics were not connected to the defendant or the circumstances of the offense.  The reviewing court held that the testimony, taken as a whole, was inadmissible profile evidence of a drug dealer.  
Brown
, 232 Ill. App. 3d at 898, 598 N.E.2d at 957.  In the instant case, Officer Wiley's testimony, even considered in conjunction with the pager records, did not rise to the level of detail presented in 
Brown
.  Additionally, his testimony had some relevance to the case.  We therefore conclude that the defendant did not meet the second prong of the plain error test.    

Based on the foregoing, we hold that plain error did not occur.  We therefore affirm the judgment of the circuit court of Henry County.  

Affirmed.

SLATER, P.J., and HOLDRIDGE, J., concur.